# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

RONALD DEAN WOOTEN                                                                                        PLAINTIFF
REG #13881-074

V.                                         NO: 2:14CV00021 JLH/HDY

USA *et al*.                                                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Ronald Dean Wooten, an inmate formerly held at the Federal Correctional Institution in Forrest City ("FCIFC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on January 15, 2014. The Court held an evidentiary hearing on February 9, 2015, at which Plaintiff testified, as did FCIFC employees Danny Parson and Jeff Gann.

### I. Facts

On February 17, 2011, Plaintiff was an inmate at FCIFC when he injured his knee. Plaintiff seeks compensation under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126. As the Court has previously found (docket entry #25), any claim for future damages based on a disability determination is premature because such claims may not be made before 45 days prior to the inmate's release. *See* 28 C.F.R. § 301.303(a). As the prior order indicated, the issue in this case is Plaintiff's entitlement to lost time wages pursuant to 28 C.F.R. § 301.203.

### II. Analysis

Plaintiff testified that he injured his knee when he was working on a roof at the direction of Gann when he stepped on a small rock and twisted his knee. According to Plaintiff, he is now totally disabled as a result of the injury he sustained in the incident. Plaintiff asserts that he is entitled at this time to 75% of the wages he was earning before the injury.

Pursuant to 18 U.S.C. § 4126, inmates may be compensated for injuries they suffer in "any work activity in connection with the maintenance or operation" of the prison. Although the testimony was disputed, giving Plaintiff the benefit of the doubt, he was injured when he was on a roof working at the direction of his supervisor. However, there is no evidence to support his claim that he is now totally disabled as a result of the incident. Plaintiff conceded that he had preexisting knee problems and had used a cane for years when he began his job as a tool room clerk. A radiology report from December 30, 2005, documented Plaintiff's "severe degenerative changes" (Defendants' exhibit #4). Although Plaintiff may have temporarily aggravated his existing knee problems, the evidence does not support a finding that his physical condition was permanently altered by the incident. Plaintiff continued to work and was paid at his normal rate through April of 2012, more than a year after the incident. Although Plaintiff's pay was later reduced, and he eventually lost his job, neither event was related to the injury of more than a year earlier. Because Plaintiff's physical limitations are not work related, but rather are a pre-existing condition, his complaint must be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The motion for summary judgment filed by Defendant USA and the Bureau of

Prisons (docket entry #21) be DENIED AS MOOT.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   12   day of February, 2015.

                                                                                           UNITED STATES MAGISTRATE JUDGE